UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH COLSTON,

        Plaintiff,                                    Civil Case No. 15-13321
                                                    Honorable Linda V. Parker

v.

CVS PHARMACY, INC.

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS RELATED TO VIOLATIONS OF CONSTITUTIONAL RIGHTS AND CLAIMS FOR PUNITIVE DAMAGES

Plaintiff initiated this pro se action against Defendant on September 21, 2015, alleging that Defendant's pharmacy in Roseville, Michigan, twice filled a prescription for Plaintiff by giving him the wrong medication. (ECF No. 1 ¶¶ 1, 2.) Plaintiff indicates in his Complaint that while he immediately noticed the mistake the first time and contacted the pharmacy, he did not realize the mistake the second time and ingested the wrong medication.[1] (*Id.*) Plaintiff alleges that he suffered personal injuries, illnesses, and disabilities as a result. (*Id.* ¶¶ 2, 5, 9.) In

---

[1] The second time Plaintiff received the wrong medication from Defendant's pharmacy was on or after August 12, 2015. (Compl. ¶ 2.) Plaintiff states in his Complaint that he contacted Defendant on or around August 16, 2015, complaining that the pharmacy had given him the wrong prescription twice. (*Id.* ¶ 3.) Presumably, therefore, Defendant had stopped taking the wrong medication on or before that date.

his Complaint, Plaintiff claims a violation of his Eighth and Fourteenth Amendment rights.  (*Id*. at Pg ID 1.)  He seeks *inter alia* $500,000 in punitive damages.  (*Id*. at Pg ID 4.)

On November 19, 2015, Defendant filed a motion to dismiss Plaintiff's claims alleging constitutional violations and his request for punitive damages.[2]  (ECF No. 11.)  Plaintiff filed a response to the motion on November 30, 2015.  (ECF No. 14.)  Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court is granting Defendant's motion to dismiss Plaintiff's constitutional claims and claim for punitive damages.

To the extent Plaintiff alleges that Defendant violated his constitutional rights, his claims are based on 42 U.S.C. § 1983.  It is well recognized, however, that the Constitution protects citizens from infringement of their rights by the government, not by private parties.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (recognizing that "most rights secured by the Constitution are protected only against infringement by governments") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).  As a result, to establish liability under § 1983, Plaintiff

---

[2] In the title of its motion, Defendant also seeks dismissal of Plaintiff's claim for attorney fees.  (ECF No. 1 at Pg ID 25.)  Plaintiff, however, does not request an award of attorney's fees in his Complaint. In fact, as indicated, Plaintiff is proceeding pro se in this action.

must prove that the deprivation of his rights was caused by a person acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Defendant is a private corporation, not a state actor. While there are exceptions to the state action requirement, none of those exceptions are applicable under the facts alleged by Plaintiff.[3] Therefore, the Court grants Defendant's motion to dismiss Plaintiff's claims alleging violations of his constitutional rights.

"Punitive damages, which are designed to punish a party for misconduct, are generally not recoverable in Michigan." *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006) (citing *Gilbert v. DaimlerChrysler*, 685 N.W.2d 391, 400 (Mich. 2004)). "The exception is if they are expressly authorized by statute." *Id*. Plaintiff's claim against Defendant is essentially one for

---

[3] Under the public function exception, a private actor can be held accountable for a constitutional violation when it exercised "powers traditionally exclusively reserved to the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). The Supreme Court has found this exception applicable where a private actor administered elections, *Terry v. Adams*, 345 U.S. 461 (1953), operated a "company town", *Marsh v. Alabama*, 326 U.S. 501 (1946), and administered private property used for a public purpose. *Evans v. Newton*, 382 U.S. 296 (1966). The second exception, referred to as "the entanglement exception", applies where the state has affirmatively authorized, encouraged, or facilitated the unconstitutional conduct of the private entity, or otherwise permitted a private actor to "exercise[] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). For example, in *West*, the Court found that a private physician under contract with the State to provide medical services to prison inmates was a state actor. *Id*.

negligence and/or medical malpractice, although in response to Defendant's motion, Plaintiff also asserts that Defendant's action of dispensing the wrong medication constituted a breach of a contract between himself and Defendant. (ECF No. 14 at Pg ID 53) Plaintiff has cited no authority in his Complaint or in response to Defendant's motion to dismiss that would entitle him to punitive damages on any of these claims under Michigan law. The Court therefore is also granting Defendant's motion to dismiss Plaintiff's claim for punitive damages.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims alleging constitutional violations and for punitive damages are dismissed.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 27, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 27, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager